UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                              Plaintiff

v.                                                              Criminal Action No. 3:18-CR-165-RGJ

KEVIN L. THOMAS                                                                       Defendant

\* \* \* \* \*

## **MEMORANDUM OPINION**

This matter is before the Court on the Defendant Kevin L. Thomas's ("Thomas") objection to the Presentence Investigation Report's enhancement of the base offense level under § 4B1.1 of the United States Sentencing Guidelines ("USSG"). [DE 20, Def. Sent. Memo. at 61]. The United States addressed Thomas's objection in its Sentencing Memorandum. [DE 22 at 95–105]. Counsel argued the issue at the October 24, 2019 sentencing hearing. For the reasons stated on the record during the sentencing and below, the Court **OVERRULES** Thomas's objection.

On June 6, 2019, in an open plea, Thomas pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [DE14]. As part of its presentence investigation, the Probation Office identified a prior conviction for second-degree robbery in violation of KRS § 515.030. *See* Presentence Investigation Report ("PSR") at 9, ¶36. The Probation Office determined the prior conviction for second-degree robbery constitutes a "crime of violence" as defined in USSG § 4B1.2(a). Thomas objects to applying the enhancement, arguing the second-degree robbery conviction does not qualify as a "crime of violence" under USSG § 4B1.2(a), citing this Court's opinion from *United States v. Bizor*, No. 3:17-CR-120-RGJ, 2018 WL 6515138, at *5 (W.D. Ky. Dec. 11, 2018).

1

In *Bizor*, this Court held the minimum level of force criminalized by KRS § 515.030 for second-degree robbery is *de minimis,* as it can be as little as the force sufficient to take or snatch personal possession of another against his will, and that this level of force is lower than the level of violent force required by *Johnson v. United States,* 559 U.S. 133, 140 (2010), *i.e.* force "capable of causing physical pain or injury to another person." *Id.* Thus, the *Bizor* opinion held robbery in the second-degree under KRS 515.030 does not constitute a crime of violence under USSG § 4B1.2(a)(1).

This Court issued the *Bizor* opinion on December 11, 2018. Subsequently, the United States Supreme Court issued its opinion *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019), where it held that Florida robbery is a violent felony under the Armed Career Criminal Act ("ACCA").[1] While *Stokeling* involved a Florida robbery statute, the opinion clarified the definition of "violent force" in *Johnson,* 559 U.S. at 140. The Supreme Court found in *Stokeling* that the level of "force" that qualifies as a "crime of violence" is "force capable of causing . . . injury" and includes any level of force, however small, that is necessary to "overcome the victim's resistance." *Stokeling*, 139 S. Ct. at 555.

Under KRS § 515.030, second-degree robbery can be satisfied by force sufficient to snatch a personal possession of another against his will. *See, e.g.*, *Boger v. Commonwealth*, No. 2004-CA-000659-MR, 2005 Ky. App. Unpub. LEXIS 576, at *2 (Ky. App. July 22, 2005) (rejecting defendant's argument that "the act of grabbing an inanimate object, such as a purse," could not constitute "use of force" under § 515.030 (citing *Commonwealth v. Davis*, 66 S.W. 27 (Ky. App. 1902)). Under *Stokeling*, this *de minimis* level of force is sufficient force to be a "crime of

---

[1] The Sixth Circuit treats "a 'crime of violence' under USSG § 4B1.1(a) of the guidelines the same as a 'violent felony' under the ACCA, 18 U.S.C. § 924(e)(1) . . . because both laws share essentially the same definition . . ." *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009).

violence" under the "use of force" clause in USSG § 4B1.2(a)(1). The Court thus **OVERRULES** Thomas's objection to the career offender enhancement set forth in USSG § 4B1.1 and finds that the enhancement for Thomas's prior second-degree robbery conviction applies.